**E-filed 3-08-2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WI-LAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC. and LG ELECTRONICS USA, INC., <br><br> Defendants. | Case Number C 10-80254-JF (PSG) <br><br> ORDER[1] DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE <br><br> [Re: Docket No. 24] |

**I. BACKGROUND**

Pursuant to Fed. R. Civ. Pro. 72 and Civil L.R. 72-2, the law firm of Townsend and Townsend and Crew LLP ("Townsend") seeks relief from a non-dispositive pretrial order issued by Magistrate Judge Paul S. Grewal on February 8, 2011. The order granted in part and denied in part Townsend's motion to quash a subpoena *duces tecum* served by LG Electronics, Inc. and LG Electronics U.S.A. Inc. ("LG").

---

[1] This disposition is not designated for publication in the official reports.

Judge Grewal addressed three discrete issues: (1) whether Fed R. Evid. 502(a) applies to the instant action; (2) whether the disclosure of a letter authored by Townsend ("the Townsend Letter") constitutes a subject-matter waiver for purposes of the attorney-client privilege; and (3) whether the waiver of privilege extends to "opinion work product." Judge Grewal concluded that Rule 502 does not apply because the disclosure of privileged material occurred outside of any "federal proceeding." (Grewal Order, Dkt. No. 22, 6:18.) Judge Grewal also rejected Townsend's argument that the waiver of privilege is limited to the Townsend Letter only. Specifically, he denied "Townsend's motion to quash the subpoena seeking all communications and work product related to the subject matter covered by the Townsend Letter. . . ." (*Id*. at 7:21-8:1). Finally, Judge Grewal agreed with Townsend that the waiver of privilege does not extend to opinion work product. (*Id*. at 8:2-4.)

Townsend objects to the order on two grounds. First, it contends that the "order fails to apply Fed. R. Evid. 502, nor does it determine the specific effect of the disclosure in question, and [] as being interpreted by counsel for LG, Judge Grewal's order effects an improper and unjustified subject-matter waiver even as to communications with trial counsel regarding the underlying litigation." (Townsend Mot. for Relief, Dkt. 24, 1:7-11.) Second, Townsend argues that the Court should not "elevate form over substance" and should determine that Rule 502 does apply to the instant action. (*Id*. at 2:26-3:3.) Alternatively, Townsend argues that Judge Grewal's order "fails to set forth sufficient detail of the scope of the waiver to the facts at hand." (*Id*. at 3:4-5).

## II.  LEGAL STANDARD

Townsend has the burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law. "[T]he magistrate's decision on a nondispositive issue will be reviewed by the district court judge under the clearly erroneous standard." *Bahn v. NME Hospitals, Inc.,* 929 F.2d 1404, 1414 (9th Cir.1991); *see also* Fed.R.Civ.P. 72(a) ("The district judge in the case must ... set aside any part of the order that is clearly erroneous or is contrary to law."). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *EEOC v. Lexus of*

*Serramonte,* No. C 05-0962 SBA, 2006 WL 2619367, at *2 (N.D.Cal. Sept.5, 2006). "This standard is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *Id.*

### III.  DISCUSSION

**A. Judge Grewal's Determination That Rule 502 Does Not Apply Is Not Clearly Erroneous.**

Fed. R. Evid. 502(a) provides that:

[w]hen the disclosure is made in a Federal proceeding . . . and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if:
(1) the waiver is intentional;
(2) the disclosed and undisclosed communications or information concern the same subject matter; and
(3) they out in fairness to be considered together.

Fed. R. Evid. 502(a). Judge Grewal found that the disclosure of the Townsend Letter to LG "undeniably occurred before, and not in, a 'Federal Proceeding.' The plain language of Rule 502 therefore confirms that the Rule simply does not apply, and Townsend identifies no basis for substituting a policy preference for Congress' clear directive." (Grewal Order, Dkt. 22, 6:19-22.)

Having conducted its own review of the record, this Court cannot conclude that this determination is "clearly erroneous."

**B. Judge Grewal's Determination That Wi-LAN's Disclosure Constituted A Subject-Matter Waiver Is Not Clearly Erroneous.**

Judge Grewal reasonably concluded that the voluntary disclosure by Townsend's client of the Townsend Letter constituted a subject-matter waiver. (Grewal Order, Dkt. No. 22, 7:11-21.) Accordingly, he denied "Townsend's motion to quash the subpoena seeking all communications and work product related to the subject matter covered by the Townsend Letter . . . ." (*Id*. at 7:21-8:1.)

Townsend argues that a subject-matter waiver should not apply and attempts unsuccessfully to distinguish the authorities relied upon by Judge Grewal. (Mot. for Relief, 4:20-5:23.) However, Judge Grewal properly rejected Townsend's contention that subject-matter waiver extends only to "information considered, reviewed, relied upon or created in preparation

3

of the Townsend opinion and to information communicated to third parties" (*Id*. at 5:27-28) (Grewal Order, Dkt. No. 22, 7:13-21) ("[B]oth the Ninth Circuit and Federal Circuit reject the notion that waiver should be limited to the Townsend Letter only.").

Finally, this Court concludes that Judge Grewal's order is sufficiently detailed to permit the affected parties to understand the scope of the waiver.

## IV. ORDER

Accordingly, Townsend's request for relief is **DENIED**.

IT IS SO ORDERED

DATED:  March 8, 2011

JEREMY FOGEL
United States District Judge