UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WI-LAN, INC., <br><br> Plaintiff, <br> v. <br><br> LG ELECTRONICS, INC. and LG ELECTRONICS USA, INC., <br><br> Defendants. | Case No.: C 10-80254 JF (PSG) <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR RULE TO SHOW CAUSE AND OTHER SANCTIONS** <br><br> (Docket No. 25) |

Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. ("LG") move for rule to show cause why Townsend and Townsend and Crew[1] (now known as "Kilpatrick Townsend") should not be held in contempt and sanctioned for failing to comply with this court's February 8, 2011 order.[2] That order required Kilpatrick Townsend to produce, with limited exception, documents and a witness for deposition in response to a subpoena served by LG on September 20, 2010. Kilpatrick Townsend opposes the motion. On April 5, 2011, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, LG's motion is GRANTED.

---

[1] *See* Docket No. 12.

[2] *See* Docket No. 22.

ORDER, *page 1*

## I. BACKGROUND

On September 20, 2010, LG served Kilpatrick Townsend with a subpoena *duces tecum*. Kilpatrick Townsend objected to the subpoena and moved to quash it.[3]

On February 8, 2011, the court granted-in-part and denied-in-part Kilpatrick Townsend's motion to quash,[4] after determining that Kilpatrick Townsend client Wi-LAN, Inc. ("Wi-LAN") had waived the attorney-client privilege by producing to LG a copy of an opinion letter drafted on January 5, 2010 by Kilpatrick Townsend attorney Daniel Furness ("the January 5, 2010 Townsend Letter"). With the exception of opinion work-product, and in light of binding precedent from the Ninth Circuit, Kilpatrick Townsend was ordered to produce documents related to the subject matter covered by the January 5, 2010 Townsend letter and to appear for deposition no later than February 28, 2011.[5]

On February 19, 2011, Kilpatrick Townsend produced approximately 589 pages of documents. Kilpatrick Townsend also offered a witness for deposition on February 23, 2011.

In the afternoon of February 19, 2011, LG informed Kilpatrick Townsend that the production of documents was deficient and specifically identified 71 documents from Wi-LAN's privilege log that should have been produced but were not. LG further complained that numerous documents produced by Townsend were duplicative and demanded that Kilpatrick Townsend produce a privilege log. The deposition was never taken.

On February 22, 2011, Kilpatrick Townsend moved for relief from the February 8 order, including a request that the district judge confirm that the scope of LG's subpoena is more limited than that identified by the undersigned.[6] LG opposed the motion.[7] On March 8, 2011,

---

[3] Further details of the parties' underlying dispute are set forth in this court's February 8 order. *See* Docket No. 22.

[4] *See id*.

[5] *See id*.

[6] *See* Docket No. 24.

[7] *See* Docket No. 30.

Judge Fogel denied Kilpatrick Townsend's motion for relief,[8] concluding among other things that the February 8 order "is sufficiently detailed to permit the affected parties to understand the scope of the waiver."

## II.  LEGAL STANDARD

Rule 45(e) states that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." The party moving for contempt must show by clear and convincing evidence that the party served with the subpoena violated a specific and definite order of the court.[9] If the party moving for contempt meets its burden, the party served with the subpoena is required to show that it took every reasonable step to comply with the subpoena and set forth reasons why compliance was not possible.[10] If the party served with the subpoena appears to have acted in good faith or upon a reasonable interpretation, the party should not be held in contempt.[11]

## III.  DISCUSSION

LG complains that despite the court's order, Kilpatrick Townsend has failed to produce at least 71 documents on the privilege log, that many of the documents Kilpatrick Townsend has produced are duplicative, and that other documents produced by Kilpatrick Townsend contain improper redactions. LG also complains that Kilpatrick Townsend has failed to serve a privilege log.

Kilpatrick Townsend disputes that it has not complied with the court's order. While it acknowledges that the court held that its waiver extends to all documents other than opinion work product concerning the subject matter of the January 5, 2010 Townsend letter, it argues that LG's subpoena requests do not extend to all such documents. In addition to disputing that it inappropriately produced duplicative documents, Kilpatrick Townsend also states that

---

[8]  *See* Docket No. 33.

[9]  *See Johnson v. City of Oakland,* Case No. C 08-03932 JSW, 2009 WL 3400713, at *1 (N.D. Cal. Oct. 16, 2009).

[10]  *See id.*

[11]  *See id.*

unredacted versions of the three documents that LG alleges were improperly redacted have been produced and that a privilege log is not warranted because it has not withheld any documents on the basis of the attorney-client privilege.[12]

Based on the record presented, the court finds no merit to LG's complaints regarding duplicative documents. The court notes that LG did not even address its duplicative documents complaint in either its reply brief or its argument at the hearing on April 5. As for Kilpatrick Townsend's failure to produce a privilege log, the court accepts Kilpatrick Townsend's representation that it is not withholding any documents on the basis of privilege, and LG did not dispute this in its reply or at oral argument.

The court does find merit, however, in LG's complaint about Kilpatrick Townsend's compliance with this court's order to produce all documents other than opinion work product related to the subject matter of the January 5, 2010 Townsend letter. Kilpatrick Townsend's attempt at this stage to challenge the scope of LG's subpoena is, to put it mildly, inconsistent with its previous representations to this court, when it sought to paint a picture of the calamity that would follow from a denial of its motion to quash. In particular, in its original moving papers in support of its motion to quash, Kilpatrick Townsend not only acquiesced, but indeed argued, that the LG subpoena extended to "all communications between Wi-LAN and Wi-LAN's trial counsel Townsend."[13] In its reply brief, Kilpatrick Townsend further described LG's subpoena as seeking "information related to the subject matter disclosed in the communication."[14] At the hearing on the motion to quash, the court specifically confirmed the scope of the subpoena with LG's counsel as extending to the full scope of the subject matter of

---

[12] Kilpatrick Townsend further states that LG has waived its right to the deposition because it proffered Kilpatrick Townsend partner Jonathan Link to testify at deposition but LG decided, for tactical reasons, not to proceed with it. In light of the dispute between the parties over documents that would be the subject of the deposition, however, the court finds no merit to Kilpatrick Townsend's waiver claim.

[13] *See* Docket No. 1 at 4.

[14] *See* Docket No. 13 at 3.

the Townsend Letter,[15] and Kilpatrick Townsend's counsel did not offer any correction during rebuttal. Only after its motion to quash was denied and Kilpatrick Townsend was ordered to produce documents did Kilpatrick Townsend urge in its request to the district judge that LG's subpoena was so limited as to exclude documents that LG is otherwise entitled to as a result of its subject matter waiver. But the district judge declined Kilpatrick Townsend's request, holding that the scope of the waiver governing Kilpatrick Townsend's production obligation was sufficiently detailed in the February 8 order.

Kilpatrick Townsend's position now is plainly inconsistent with its earlier position, the court accepted that position in determining exactly what types of document were at stake in resolving Kilpatrick Townsend's motion to quash and there is both a clear advantage to Kilpatrick Townsend and a detriment to LG in Kilpatrick Townsend switching positions now that the court has ordered production and fact discovery is closed.[16] Even if Kilpatrick Townsend is not judicially estopped by its contradictory arguments from challenging the scope of the subpoena at this stage, the court finds that the language of the requests, in light of the broad language of the requests themselves, the broad definition of terms provided by LG and the obvious purpose of the subpoena in providing LG with all documents falling within the scope of Wi-LAN's waiver, is sufficient to require production of all documents other than opinion work product that are the subject of the January 2010 Townsend letter.

Accordingly, the court hereby orders that, no later than April 15, 2011 Kilpatrick Townsend comply with its February 8, 2011 order by producing (1) all documents other than opinion work product that are the subject of the January 5, 2010 Townsend letter and (2) a witness for deposition. The court declines to impose further sanctions at this time, but will entertain a renewed sanctions motion – on shortened time – if Kilpatrick Townsend fails to

---

[15] 1/18/11 Hearing Tr. 30:13-20.

[16] As just one example, after LG proposed serving a further subpoena on Kilpatrick Townsend, Kilpatrick Townsend in a sur-reply cried foul in permitting such a subpoena to be served after the briefing and fact discovery had closed.

ORDER, *page 5*

1 | comply with this order.

2 |     IT IS SO ORDERED.

3 | Dated:    April 7, 2011

*[signature: Paul S. Grewal]*

PAUL S. GREWAL
United States Magistrate Judge