**E-filed 04-26-11**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WI-LAN, INC., <br><br>            Plaintiff, <br><br>     v. <br><br> LG ELECTRONICS, INC. and LG ELECTRONICS USA, INC., <br><br>            Defendants. | Case Number C 10-80254-JF (PSG) <br><br> ORDER[1] DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE <br><br> [Re: Docket No. 42] |

# I. BACKGROUND

Pursuant to Fed. R. Civ. Pro. 72 and Civil L.R. 72-2, the law firm of Townsend and Townsend and Crew LLP (now known as "Kilpatrick Townsend") seeks relief from a non-dispositive pretrial order issued by Magistrate Judge Paul S. Grewal on April 7, 2011. Kilpatrick Townsend previously filed a motion for relief from Judge Grewal's order of February 8, 2011, granting in part and denying in part Kilpatrick Townsend's motion to quash a subpoena *duces tecum* served by LG Electronics, Inc. and LG Electronics U.S.A. Inc. ("LG"). On March 8, 2011,

---

[1] This disposition is not designated for publication in the official reports.

1  this Court denied that motion concluding that Judge Grewal's legal determination with respect to
2  Fed. R. Ev. 502 was not clearly erroneous, and that his order was sufficiently detailed to permit
3  the affected parties to understand the scope of the waiver.  (*See* Dkt. No. 33.)
4        Events relevant to the instant motion took place both before and after the filing of
5  Kilpatrick Townsend's first motion for relief.  Kilpatrick Townsend claims that on February 19,
6  2011, it "produced all of the documents in its possession, custody, or control responsive to LG's
7  subpoena," (Townsend's Mot. for Relief, 1:26-27), including approximately 589 pages of
8  documents and a witness for deposition.  LG thereafter informed Kilpatrick Townsend that this
9  production of documents was deficient, and LG refused to take the deposition.  (Grewal Order,
10 Dkt. No. 41, 2:14-16.)  In response, Kilpatrick Townsend argued that LG "ignor[ed] the plain
11 terms of its own subpoena [by] demand[ing] that Townsend produce all documents falling within
12 the scope of the privilege waiver found by this Court, *i.e.* all communications between Townsend
13 and Wi-Lan concerning the subject matter of the Townsend Letter."  (Mot. for Relief, 2:20-23.)
14 After Kilpatrick Townsend's motion for relief from the order of February 8, 2011 was denied,
15 LG moved for sanctions related to the still outstanding document production.
16       Judge Grewal's order of April 7, 2011, addressed a number of LG's complaints, but
17 Judge Grewal found merit only in "LG's complaint about Kilpatrick Townsend's compliance
18 with th[e] court's order to produce all documents other than opinion work product related to the
19 subject matter of the January 5, 2010 Townsend Letter."  (Grewal Order, Dkt. No. 41, 4:10-12.)
20 Judge Grewal noted that Kilpatrick Townsend's current challenge to the scope of the subpoena is
21 "inconsistent with its previous representations to th[e] court, when it sought to paint a picture of
22 calamity that would follow from a denial of its motion to quash," (*Id*. at 4:13-15), and that its
23 change of position provides "both a clear advantage to Kilpatrick Townsend and a detriment to
24 LG . . . now that the court has ordered production and fact discovery is closed."  (*Id*.)
25 Accordingly, Judge Grewal concluded that even if Kilpatrick Townsend were not judicially
26 estopped from challenging the scope of the subpoena as a result of its contradictory arguments,
27 the actual language of LG's document requests is sufficient to require production of all
28 documents related to the January 2010 Townsend Letter other than opinion work product "in

light of the broad language of the requests themselves, the broad definition of terms provided by LG and the obvious purpose of the subpoena in providing LG with all documents falling within the scope of Wi-Lan's waiver . . . ." (*Id*. at 5:12-18.)

Kilpatrick Townsend objects to Judge Grewal's most recent order on two grounds. First, it contends that "Judge Grewal ignored the plain terms and limited scope of LG's subpoena." (Mot. for Relief, 3:6-9.) It concludes that Judge Grewal inadequately discussed the actual language of the subpoena and incorrectly relied upon "LG's unstated 'purpose' in serving it." (*Id*.) It argues that the decision violates the principles of fundamental fairness and due process because "a non-party deponent is entitled to rely on the *language* of a subpoena in determining the scope thereof." (*Id*. at 3:9-12 (emphasis in original).) Second, Kilpatrick Townsend asserts that the Judge Grewal's ruling was based inappropriately on certain inconsistent statements made by its counsel regarding the breadth of LG's subpoena, while inconsistent statements made by LG's counsel were ignored. (*Id*. at 3:13-16.)

## II. LEGAL STANDARD

Kilpatrick Townsend has the burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law. "[T]he magistrate's decision on a nondispositive issue will be reviewed by the district court judge under the clearly erroneous standard." *Bahn v. NME Hospitals, Inc.,* 929 F.2d 1404, 1414 (9th Cir.1991); *see also* Fed.R.Civ.P. 72(a) ("The district judge in the case must ... set aside any part of the order that is clearly erroneous or is contrary to law."). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *EEOC v. Lexus of Serramonte,* No. C 05-0962 SBA, 2006 WL 2619367, at *2 (N.D.Cal. Sept.5, 2006). "This standard is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *Id.*

## III. DISCUSSION

### A. Judge Grewal's Determination that Kilpatrick Townsend did not Comply with the Earlier Order is Not Clearly Erroneous

Kilpatrick Townsend argues that the document requests propounded by LG are "by their

3

1  plain terms [] *narrower* than the privilege waiver found by this Court, which extends to 'all
2  communications and work product related to the subject matter covered by the Townsend
3  Letter." (Mot. for Relief, 3:25-27.) However, this argument is grounded on Kilpatrick
4  Townsends' subjective understanding of the document requests. Kilpatrick Townsend offers no
5  legal authority to support its contention that the magistrate judge's determination with respect to
6  what documents are subject to a discovery requests must be based solely on the text of the
7  subpoena, or that the court must engage in a formal construction of a party's discovery request.
8  (*See Id*. at 4:7-10.)

9  More to the point, the controversy regarding the scope of LG's subpoena and the types of
10 documents subject to that subpoena already has been resolved. As Judge Grewal stated in his
11 order of April 7, 2011, "[a]t the hearing on the motion to quash, the court specifically confirmed
12 the scope of the subpoena with LG's counsel as extending to the full scope of the subject matter
13 of Townsend Letter, and Kilpatrick Townsend's counsel did not offer any correction during
14 rebuttal." (Grewal Order, Dkt. No. 41, 4:20-5:2.) This Court concluded that Judge Grewal's
15 order of February 8, 2011, was sufficiently detailed to permit the affected parties to understand
16 the scope of the waiver. (*See* Dkt. No. 33.) To comply with that order, Kilpatrick Townsend
17 must produce "all documents other than opinion work product that are the subject of the January
18 5, 2010 Townsend [L]etter and a witness for deposition." (Grewal Order, Dkt. No. 41, 5:20-23.)
19 Having once again conducted its own review of the record, this Court cannot conclude that Judge
20 Grewal's determination is "clearly erroneous."

## IV. ORDER

Accordingly, Kilpatrick Townsend's motion for relief is **DENIED**.

IT IS SO ORDERED

DATED: April 26, 2011

_____
JEREMY FOGEL
United States District Judge