DAVID J. PEREZ (SBN 238136)
Email: perezdj@gtlaw.com
GREENBERG TRAURIG LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94304
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

RICHARD D. HARRIS (*pro hac vice*)
Email: harrisr@gtlaw.com
JAMES J. LUKAS, JR. (*pro hac vice*)
Email: lukasj@gtlaw.com
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435

Attorneys for Defendants LG Electronics, Inc. and
LG Electronics U.S.A., Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| Wi-LAN INC., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC. <br><br> Defendants. | Case No.: 10 CV 80254 <br><br> **LG ELECTRONICS, INC. AND LG ELECTRONICS, U.S.A., INC.'S RENEWED MOTION FOR SANCTIONS ON SHORTENED TIME** <br><br> Date: May 24, 2011 <br> Time: 10:00 a.m. <br> Before: Mag. Judge Paul S. Grewal <br> Place: Courtroom 5 - 4th Floor <br><br> (Currently pending in the Southern District of New York, Case No. 10CV432) |

Pursuant to Fed. R. Civ. P. 45(e), Fed. R. Civ. P. 37, the Court's inherent power to sanction, and this Court's April 7, 2011 Order (Dkt. 41), LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively "LG"), through their attorneys of record, respectfully request that this Court grant LG's Renewed Motion for an Order Sanctioning Kilpatrick Townsend & Stockton LLP's ("Townsend") for its continuing contempt of this Court's discovery orders. In support of this Motion, LG relies upon all matters of record in this case, and further states as follows:

I.     **FACTS**

This matter relates to a subpoena served on the law firm Kilpatrick Townsend & Stockton (f/k/a Townsend, Townsend & Crew and referred to herein as "Townsend") in a civil action brought by Wi-LAN, Inc. ("Wi-LAN") against LG, currently pending in the District Court for the Southern District of New York, Case No. 10CV432 (the "Pending Litigation"). Townsend, Wi-LAN's trial counsel, in repeatedly attempting to evade compliance with LG's subpoena, has engaged in a pattern of vexatious filings, aimed at avoiding several adverse rulings of the District Court for the Northern District of California. Although it did not initially level sanctions when Townsend first refused to comply with the Court's discovery order, the Court stated, in its April 7, 2011 Order granting LG's motion for rule to show cause and other sanctions (Dkt. 22), that it would "*entertain a renewed sanctions motion ─ on shortened time ─ if Kilpatrick Townsend fails to comply with this order*." (Dkt. 41 at 5-6 (emphasis added).) As further described below, Townsend continues to refuse to comply with the Court's April 7, 2011 Order directing Townsend to produce (i) documents relating to the subject matters of the January 5, 2010 Townsend letter (with a limited exception for opinion work product) and (ii) a witness for deposition by April 15, 2011. By *Townsend's own admission, Townsend remains in contempt of the Court's Order*.

Following is a succinct and accurate timeline of Townsend's repeated and persistent noncompliance:

- On September 20, 2010 LG served a subpoena on Townsend requesting documents and deposition testimony relating to the subject matter of the

Townsend Opinion. ***Townsend refused to comply with LG's subpoena.***

- On February 8, 2011, Magistrate Judge Grewal issued an Order directing Townsend to produce "all communications and work product related to the subject matter covered by the Townsend letter," with a limited exception for "opinion work product." (Dkt. 22.) ***Townsend waited to the last day to object to Magistrate Judge Grewal's Order and refused to comply with that Order.***

- On March 8, 2011 Judge Fogel denied Townsend's eleventh-hour objection, holding "Judge Grewal properly rejected Townsend's contention that subject-matter waiver extends only to 'information considered, reviewed, relied upon or create in preparation of the Townsend opinion and to information communicated to third parties' … [and] this Court concludes that Judge Grewal's order is sufficiently detailed to permit the affected parties to understand the scope of the waiver." (Dkt. 33 at 3-4.) ***Townsend refused to comply with both Magistrate Judge Grewal's and Judge Fogel's Orders.***

- On April 7, 2011 Magistrate Judge Grewal granted LG's Motion for Rule to Show Cause and Other Sanctions, holding that LG's subpoena covered the full scope of the waiver previously articulated by the Court and once again ordered that Townsend produce all documents relating to the patent infringement and fraudulent inducement subject matters of the Townsend Opinion. (Dkt. 41.) ***Townsend refused to comply with Magistrate Judge Grewal's Order.***

- On April 26, 2011 Judge Fogel once again denied Townsend's objection to Magistrate Judge Grewal's Order. (Dkt. 45.) ***Townsend continues to refuse to comply with both Magistrate Judge Grewal's and Judge Fogel's Orders.***

- On April 27, 2011 LG notified Townsend that it remained in contempt of this Court's Order and requested confirmation that Townsend intended to comply with the Court's Order by the close of business on April 28, 2011.[1] On April 28,

---

[1] In an effort to conserve judicial resources, LG waited until Judge Fogel ruled on Townsend's objection to this Court's April 7, 2011 Order. Judge Fogel denied Townsend's objection on April 26, 2011 (Dkt. 45.)

2011 Townsend responded to LG *confirming that it remained in contempt of this Court's Order by "withholding compliance [with LG's subpoena]" and stating that Townsend "will not provide any further discovery in response to LG's subpoena* until a decision [by Townsend] has been reached concerning appeal." (4/28/11 Email from M. Holohan to J. Lukas, **Ex. 1**.)

## II. <u>LEGAL STANDARDS</u>

Civil contempt occurs when a party disobeys a specific and definite court order by failing to take all reasonable steps within his power to comply. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006); *See also* F.R.C.P. 45(e) ("[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.") The party moving for contempt must show by clear and convincing evidence that the party served with the subpoena violated a specific and definite order of the Court. *See Johnson v. City of Oakland*, Case No. C 08-03932 JSW, 2009 WL 3400713, at *1 (N.D. Cal. Oct. 16, 2009).

Courts have inherent power to enforce their orders through civil contempt (*See Spallone v. United* States, 493 U.S. 265, 276 (1990),) and have wide latitude in determining whether there has been a contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). A civil contempt sanction is designed to coerce the contemnors to comply with an order of the court and thus to affect discovery ("coercive civil contempt sanctions") and to compensate the contemnor's adversary for the injuries which result from the contemptuous non-compliance ("compensatory contempt sanctions"). *Cunninham v. Hamilton County,* Ohio, 527 U.S. 198, 207 (1999); *FalstaffBrewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Accordingly, a court may impose sanctions for contempt, including attorney's fees and costs, in order to coerce compliance and/or compensate the contemnor's adversary for related injuries. *Int'l Union v. Bagwell*, 512 U.S. 821, 829 (1994) (citing *United States v. United Mine Workers of America,* 330 U.S. 258, 303-4 (1947)).

"Penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience." *United States v. Ayres*, 166 F.3d 991, 995 (9th

1    Cir. 1999). To determine the size and duration of coercive sanctions, the court considers the
2    "character and magnitude of the harm threatened by continued contumacy, and the probable
3    effectiveness of any suggested sanction in bringing about the result desired." *Whittaker Corp.*
4    *v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992) (quoting *United Mine Workers,* 330 U.S.
5    at 303-4. "One of the paradigmatic civil contempt sanctions 'is a per diem fine imposed for
6    each day a contemnor fails to comply with an affirmative court order.'" *Ayres*, 166 F.3d at 995
7    (quoting *Bagwell*, 512 U.S. at 827). In addition to imposing coercive sanctions, compensatory
8    sanctions made be imposed "to compensate the party pursuing the contempt action for injuries
9    resulting from the contemptuous behavior." *Gen. Signal Corp. v. Donallco*, Inc., 787 F.2d
10   1376, 1380 (9th Cir. 1986). The amount of compensatory sanctions is governed by the actual
11   losses sustained by the moving party as a result of the contemptuous behavior. *Id.*

12   **III.    ARGUMENT**

13           **A.    Townsend Admits That It Is In Contempt Of The Court's Orders.**

14   Townsend's contempt is established by clear and convincing evidence. Townsend has
15   failed to produce any documents and a witness for deposition since the Court's April 7, 2011
16   Order requiring compliance by April 15, 2011. On April 27, 2011 LG notified Townsend that
17   it remained in contempt of this Court's Order and requested confirmation that Townsend
18   intended to comply with the Court's Order by the close of business on April 28, 2011. On
19   April 28, 2011 Townsend responded to LG confirming that that it remained in contempt of this
20   Court's Order by admitting that it would be "withholding compliance [with LG's subpoena]"
21   and by stating that Townsend "will not provide any further discovery in response to LG's
22   subpoena." (4/28/11 Email from M. Holohan to J. Lukas, Ex. 1.)

23           **B.    Townsend Should Be Appropriately Sanctioned.**

24   In its April 7, 2011 Order granting LG's motion for rule to show cause and other
25   sanctions (Dkt. 22), the Court held that it would "entertain a renewed sanctions motion ─ on
26   shortened time ─ if Kilpatrick Townsend fails to comply with this order." (Dkt. 41 at 5-6.)
27   Townsend was ordered to comply by April 15, 2011 and Townsend has now been in contempt
28   of this Court's Order for over three weeks (and several months since this Court's original

4
LG 'S RENEWED MOTION FOR SANCTIONS ON SHORTENED TIME CASE NO. 10 CV 80254

1  Order). On April 26, 2011 Judge Fogel once again denied Townsend's objection to Magistrate
2  Judge Grewal's Order. (Dkt. 45.) Townsend has intentionally, and to LG's extreme prejudice,
3  drawn out its non-compliance to avoid producing the requested discovery during the summary
4  judgment period in the underlying litigation. This intentional misconduct by Townsend
5  warrants, at the very least, both coercive and compensatory monetary sanctions.

6              **1.    Compensatory Monetary Sanctions Are Warranted.**

7       LG respectfully requests that compensatory sanctions be imposed against Townsend to
8  compensate LG for Townsend's contemptuous behavior. *See Gen. Signal Corp.*, 787 F.2d at
9  1380. LG has been forced to incur damages in the form of attorneys fees and costs based on
10 having to pursue the highly relevant discovery it demanded from Townsend before the close of
11 fact discovery in the Pending Litigation. Townsend's willful disobedience has caused LG, as
12 well as the Court to waste their significant resources. Moreover, LG has been forced to engage
13 in dispositive motion briefing in the Pending Litigation without access to the highly relevant
14 information in Townsend's possession–information which this Court has repeatedly ordered
15 Townsend to produce on numerous occasions. This has significantly prejudiced LG in
16 prosecuting its counterclaims and in defending against Townsend's client's claims. LG has
17 needlessly been forced to incur extensive costs and fees as a result of Townsend's failure to
18 comply with multiple court orders. Worse yet, it appears Townsend ***never intended to comply***.
19 Accordingly, LG seeks reimbursement of the following fees and costs, which are appropriate
20 given Townsend's willful disobedience of this Court's Orders (and the Orders of Judge Fogel):

21  - All reasonable fees and costs associated with seeking to address Townsend's
22    production of documents and a witness for deposition in compliance with the
23    Court's February 8, 2011 Order (Dkt. 22) and Judge Fogel's First denial of
24    Townsend's objection (Dkt. 33);
25  - All reasonable fees and costs associated with preparing, drafting, and filing
26    LG's Motion for Rule to Show Cause and for Sanctions and the hearing on LG's
27    Motion for Rule to Show Cause and for Sanctions;
28  - All reasonable fees and costs associated with seeking to address Townsend's

        production of documents and a witness for deposition in compliance with the Court's April 7, 2011 Order (Dkt. 41) and Judge Fogel's Second denial of Townsend's objection (Dkt. 45);

- All reasonable fees and costs associated with seeking to address Townsend's noncompliance in the Pending Litigation, including the drafting of letters and Court conferences;

- All reasonable fees and costs associated with preparing, drafting, and filing this Renewed Motion for Sanctions and any hearing or additional briefing related thereto. (*See* Declaration of James J. Lukas, Jr.)[2]

    **2.    Coercive Monetary Sanctions Are Warranted.**

Townsend has already demonstrated on several occasions that it will not comply with this Court's discovery orders, absent measures to coerce its compliance. Accordingly, LG also respectfully requests that coercive sanctions be imposed against Townsend in the form of an appropriate continuing per diem fine for each day that Townsend continues to ignore this Court's April 7, 2011 Order.

**IV.    CONCLUSION**

WHEREFORE, LG respectfully requests that the Court enter an Order granting LG's Renewed Motion for Sanctions against Townsend, and such additional relief as the Court deems proper.

---

[2] As discussed further in the declaration of Mr. Lukas, the hourly rate and hours billed to LG for each respective period and for each attorney are reasonable for the level of experience of each attorney in the specialized area of patent litigation in which many attorneys have advanced technical backgrounds and are members of the patent bar. All hours billed were productive for LG and there was no redundancy in attorney staffing. Finally, the hourly rates of each attorney are commensurate with their years of experience and prevailing market rates for patent litigators employed by large international law firms in California.

Dated:  May 10, 2011                    GREENBERG TRAURIG LLP


                                        By      */s/James J. Lukas, Jr.*
                                                David J. Perez
                                                California Bar No.: 238136
                                                Greenberg Traurig, LLP
                                                1900 University Avenue, 5th Floor
                                                East Palo Alto, CA  94303
                                                Telephone:  (650) 289-7805
                                                Facsimile:  (650) 328-8500

                                                Richard D. Harris (*pro hac vice*)
                                                James J. Lukas, Jr. (*pro hac vice*)
                                                Greenberg Traurig, LLP
                                                77 West Wacker Drive, Suite 2500
                                                Chicago, IL  60601
                                                Telephone:  (312) 456-8400
                                                Facsimile:  (312) 456-8435

                                        Attorneys for Defendants LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC.