David J. Perez (CA State Bar No. 238136)
Email: perezdj@gtlaw.com
GREENBERG TRAURIG LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94304
Telephone: 650-328-8500
Facsimile: 650-328-8508

Richard D. Harris (*pro hac vice pending*)
Email: harrisr@gtlaw.com
JAMES J. LUKAS, JR. (*pro hac vice pending*)
Email: lukasj@gtlaw.com
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: 312-456-8400
Facsimile: 312-456-8435

Attorneys for Defendants LG Electronics, Inc.
and LG Electronics U.S.A., Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Wi-LAN INC., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC., <br><br> Defendants. | Case No.: 10 CV 80254 JF (PSG) <br><br> **DECLARATION OF JAMES J. LUKAS, JR. IN SUPPORT OF LG ELECTRONICS INC.'S AND LG ELECTRONICS U.S.A. RENEWED MOTION FOR SANCTIONS ON SHORTENED TIME** <br><br> Date: May 24, 2011 <br> Time: 10:00 a.m. <br> Before: Mag. Judge Paul S. Grewal <br> Place: Courtroom 5 - 4th Floor |

I, James J. Lukas, Jr., hereby declare:

1. I am an attorney duly licensed to practice law in the State of Illinois, and an associate with the law firm of Greenberg Traurig, LLP, attorneys of record

---

1
DECLARATION OF JAMES J. LUKAS, JR. IN SUPPORT OF DEFENDANTS LG ELECTRONICS
INC.'S AND LG ELECTRONICS U.S.A. RENEWED MOTION FOR SANCTIONS
Case No. 10 CV 80254 JF (PSG)

for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. ("LG") in the matter of *Wi-LAN, Inc. v. LG Electronics, Inc. and LG Electronics U.S.A. Inc.*, No 10 CV 80254, in the U.S. District Court for the Northern District of California, San Jose Division, in which this declaration is being submitted pursuant to Local Rule 7-5. I respectfully submit this affidavit in accordance with Civil Local Rule 37-4(b) in support of LG's Renewed Motion For Sanctions on Shortened Time.

2. I have personal knowledge of the factual assertions I make herein and/or support those assertions with the Exhibits attached hereto.

3. This affidavit is submitted to provide the Court with the relevant facts and circumstances that support LG's Renewed Motion For Sanctions on Shortened Time; describe the efforts made by LG to secure compliance without intervention by the Court; itemize with particularity the otherwise unnecessary costs and expenses, including attorney fees, directly caused by Kilpatrick Townsend & Stockton LLP's ("Townsend") violation; and set forth an appropriate justification for LG's attorney-fee hourly rates.

A. **Relevant Background**

4. On September 20, 2010, LG served a subpoena (the "Subpoena") on Townsend requesting documents and deposition testimony relating to the subject matter of the Townsend Opinion.

5. On October 26, 2010, Townsend moved to quash the Subpoena. (Dkt. No. 1.)

6. On February 8, 2011, the Court denied Townsend's motion to quash and ordered Townsend to comply with the Subpoena. In its Order, the Court directed Townsend to produce "all communications and work product related to the subject matter covered by the Townsend letter," with a limited exception for "opinion work product." (Dkt. No. 22.)

7. After the Court's ruling, I wrote to Townsend on February 10, 2011, asking it to provide a date for production of documents and a privilege log, as well as dates of availability for deposition—all in compliance with the Court's Order. Townsend did not respond. I sent another request on February 15, 2011, repeating its request that Townsend provide dates for compliance with the Court's Order.

8. On February 16, 2011, Townsend answered that it would "expect to provide a witness in Washington D.C. on February 23 or 24. Townsend's February 16, 2011, correspondence did provide a date by which it would produce its document production or privilege log to LG.

9. On February 16, 2011, I tentatively agreed to the deposition dates on the condition that Townsend's documents and privilege log were produced by Friday, February 18, 2011—a mere four days before the first suggested deposition date.

10. On February 18, 2011, having not received a single document from Townsend, I reminded Townsend that its production and privilege log were due by the close of business as a condition for taking Townsend's deposition on February 23, 2011.

11. On February 18, 2011, Townsend responded that it planned on producing "a relatively small volume of documents," by Saturday, February 19, 2011. Townsend also stated that it would not be producing a privilege log as required by FED. R. CIV. P. 26.

12. I immediately objected to Townsend's late and unduly limited production as well as Townsend's refusal to submit a privilege log. In addition, I reminded Townsend of the scope of the production required pursuant to the Court's Order.

13. On Saturday, February 19, 2011, Townsend produced approximately 589 pages of documents. However, it quickly became apparent that the production was woefully deficient and Townsend was taking an improperly narrow view of the scope of materials covered by the Court's Order. LG's review of Townsend's document production revealed that Townsend withheld many documents identified on Wi-LAN's (not Townsend's) privilege log that this Court had ordered it to produce. The documents Townsend did produce were duplicative of each other and contained improper redactions.

14. In light of these deficiencies, I sent an email later that afternoon of February 19, 2011, indicating that Townsend's production was incomplete and requesting that it supplement its production to comply with the Court's Order by 5:00pm, Sunday, February 20, 2011. I advised Townsend that if Townsend failed to so comply, LG would need to postpone the deposition scheduled for February 23, 2011 and seek the Court's intervention. Moreover, I included an abridged version of Wi-LAN's privilege log in the New York case identifying each document that, at a minimum, LG expected to be included in Townsend's production—the abridged privilege log included communications between Wi-LAN and Townsend.

15. On February 21, 2011, Townsend responded, admitting that the Court had ruled that "there was a waiver of attorney client privilege as to the subject matter of the Opinion letter," but refused to produce any supplemental documents.

16. On February 22, 2011, Townsend filed its Motion for Relief From Nondispositive Pretrial Order of Magistrate Judge with Judge Fogel. (Dkt. No. 24.)

17. On February 23, 2011, LG submitted its Motion for Rule to Show Cause and Other Sanctions Against Townsend and Townsend and Crew. (Dkt. No. 25.)

18. On March 8, 2011, Judge Fogel denied Townsend's objection, holding that "Judge Grewal properly rejected Townsend's contention that subject-matter waiver extends only to 'information considered, reviewed, relied upon or created in preparation of the Townsend opinion and to information communicated to third parties' … [and] this Court concludes that Judge Grewal's order is sufficiently detailed to permit the affected parties to understand the scope of the waiver." (Dkt. No. 33.)

19. On April 7, 2011, Magistrate Judge Grewal granted LG's Motion for Rule to Show Cause and Other Sanctions, holding that the Subpoena covered the full scope of the waiver previously articulated by the Court and once again ordering that Townsend produce all documents relating to the patent infringement and fraud subject matters of the Townsend Opinion. The Court further held that it would "entertain a renewed sanctions motion - on shortened time - if Kilpatrick Townsend fails to comply with this order." The Court ordered Townsend to comply with its Order by April 15, 2011. (Dkt. No. 41.)

20. On April 12, 2011, Townsend filed a second Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge with Judge Fogel. (Dkt. No. 42.)

21. On April 26, 2011, Judge Fogel once again denied Townsend's objection to Magistrate Judge Grewal's Order. (Dkt. No. 45.)

22. The next day, April 27, 2011, I notified Townsend that it remained in contempt of this Court's Order and requested confirmation that Townsend intended to comply with the Court's Order by the close of business on April 28, 2011. (*See* **Exhibit 1**, a true and correct copy of an Email Chain from M. Holohan to J. Lukas, dated April 27–28, 2011.)

23. On April 28, 2011, Townsend responded to me, confirming that it "will not provide any further discovery in response to LG's subpoena until a decision has been reached concerning appeal." (*See* **Ex. 1**.)

B. **Costs, Expenses, and Legal Fees Arising from Townsend's Continued Contempt**

1. LG requests the following reasonable fees and costs associated with seeking to address Townsend's production of documents and a witness for deposition in compliance with the Court's February 8, 2011 Order (Dkt. No. 22) and Judge Fogel's denial of Townsend's objection (Dkt. No. 33)[1]:



---

[1] LG has not yet been billed for April 2011 attorneys' fees and costs. Counsel for LG has estimated such fees and costs for the purposes of this Renewed Motion for Sanctions on Shortened Time. Should the Court so desire, counsel for LG will submit an updated fee petition once the April 2011 bill has issued.



9    2.    LG requests the following reasonable fees and costs associated with preparing, drafting, filing, and arguing LG's Motion for Rule to Show Cause and for Sanctions and the hearing on LG's Motion for Rule to Show Cause and for Sanctions:

a.



DECLARATION OF JAMES J. LUKAS, JR. IN SUPPORT OF DEFENDANTS LG ELECTRONICS INC.'S AND LG ELECTRONICS U.S.A. RENEWED MOTION FOR SANCTIONS
Case No. 10 CV 80254 JF (PSG)

i. █████████████

j. ███████████

k. Airfare for James J. Lukas, Jr. (appear before Judge Peck, S.D.N.Y. on 4/4/11, and Judge Grewal, N.D. Cal. on 4/5/11): $1,611.36.

l. Hotel for James J. Lukas, Jr. (appear before Judge Grewal, N.D. Cal. on 4/5/11): $180.

m. ███████████

3. LG requests the following reasonable fees and costs associated with seeking to address Townsend's production of documents and a witness for deposition in compliance with the Court's April 7, 2011 Order (Dkt. No. 41) and Judge Fogel's denial of Townsend's objection (Dkt. No. 45):

a. ████████████████████████

████████████████████████

████████████████████████

███████████████████

████████████████████████

████████████████████████

█████████████████

████████████████.

9
DECLARATION OF JAMES J. LUKAS, JR. IN SUPPORT OF DEFENDANTS LG ELECTRONICS
INC.'S AND LG ELECTRONICS U.S.A. RENEWED MOTION FOR SANCTIONS
Case No. 10 CV 80254 JF (PSG)

1       i.      Legal Research: $1,543.39.

2       j.      ███████████

3    4.      LG requests the following reasonable fees and costs associated with seeking to address Townsend's noncompliance in the Pending Litigation, including the drafting of letters and Court conferences:

      a.      ███████████

      █      ███████████

      █      ███████████

      █      ███████████

      █      ███████████

      █      ███████████

      g.      ███████████

      h.      Legal Research: $489.17.

      i.      Airfare for Richard D. Harris (appear before Judge Peck, S.D.N.Y. on 4/4/11): $448.20.

      j.      Hotel for Richard D. Harris and J. Lukas (appear before Judge Judge Peck, S.D.N.Y. on 4/4/11): $530.

      k.      **Subtotal**: ███████

5. LG requests all reasonable fees and costs associated with preparing, drafting, and filing this Renewed Motion for Sanctions and any hearing or additional briefing related thereto.[2]

6. The above amounts total as follows:

    a. Townsend's production of documents and a witness for deposition in compliance with the Court's February 8, 2011 Order (Dkt. No. 22) and Judge Fogel's denial of Townsend's objection (Dkt. No. 33): ▮

    b. Preparing, drafting, filing, and arguing LG's Motion for Rule to Show Cause and for Sanctions and the hearing on LG's Motion for Rule to Show Cause and for Sanctions: ▮

    c. Seeking to address Townsend's production of documents and a witness for deposition in compliance with the Court's April 7, 2011 Order (Dkt. No. 41) and Judge Fogel's denial of Townsend's objection (Dkt. No. 45): ▮

    d. Seeking to address Townsend's noncompliance in the Pending Litigation, including the drafting of letters and Court conferences: ▮

---

[2] Should the Court so desire, counsel for LG will submit an updated fee petition once such fees and costs are ascertained.

1        e.    Preparing, drafting, and filing this Renewed Motion for Sanctions and any hearing or additional briefing related thereto: **TBD**.

      **TOTAL:** ███

7. The hourly rate and hours billed to LG for each respective period and for each attorney are reasonable for the level of experience of each attorney in the specialized area of patent litigation in which many attorneys have advanced technical backgrounds and are members of the patent bar. All reasonable hours billed were productive for LG and there was no redundancy in attorney staffing. As discussed above in greater detail, Greenberg Traurig, on behalf of LG, was required to file two motions for sanctions and a reply in support of one of those motions and to respond to objections to Magistrate Judge Grewal's rulings along with a request for a stay. In addition, reasonable hours were spent researching issues relating to the briefing before this Court and preparing for hearings. Finally, reasonable hours were spent trying to get Townsend to comply with the Court's Orders without further intervention of the Court.

The hourly billing rates of each attorney are commensurate with their years of experience and prevailing market rates for patent litigators in the Northern District of California with comparable skill, experience, and reputation who work for large, international law firms such as Greenberg Traurig, LLP. (*See Matlink,*

*Inc. v. Home Depot U.S.A., Inc.*, Case No. 07cv1994-DMS (BLM), slip op. at 7-8 (S.D.Cal. Oct. 27, 2008).) For example, Mr. Harris, an experienced trial attorney with over thirty-five years of patent litigation and patent prosecution experience, is a partner and Co-chair of Greenberg Traurig's Patent Litigation practice. Mr. Mote is a partner with over fourteen years of patent litigation experience. Mr. Lukas is a senior associate with over nine years of patent litigation experience. Mr. Maiers is an associate with over five years of patent litigation and patent prosecution experience. Messrs. Harris, Mote, Lukas, and Maiers are registered patent attorneys with the United States Patent and Trademark Office. Each of them has extensive experience with complex patent litigation cases in federal district courts throughout the country. Mr. Perez is an associate with Greenberg Traurig's Silicon Valley office with over five years of patent litigation experience. Mr. Levinstein and Ms. Wan are both junior associates.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 10, 2011, at Chicago, Illinois.

Dated: May 10, 2011

*/s/ James J. Lukas, Jr.*
James J. Lukas, Jr.
**GREENBERG TRAURIG, LLP**.
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400
*Attorneys for LG Electronics, Inc. and LG Electronics U.S.A., Inc.*