UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WI-LAN INC., ) | Case No.: 10-mc-80254 JF (PSG) |
| ) | |
| Plaintiff, ) | **ORDER DENYING MOTION FOR** |
| v. ) | **CERTIFICATE OF APPEALABILITY** |
| ) | |
| LG ELECTRONICS, INC., ET AL., ) | **(Re: Docket No. 46)** |
| ) | |
| Defendants. ) | |
| ) | |

Before the court is non-party Kilpatrick Townsend & Stockton LLP's ("Townsend") motion for an order determining, pursuant to 28 U.S.C. § 1292(b), that an immediate appeal may be taken from this court's February 8, 2011 Order and April 7, 2011 Order. Before addressing the motion, the court must determine whether it has jurisdiction to issue an order on this motion.

Section 1292(b) provides that a "district judge" may certify an interlocutory order for appeal. Although not a district judge, a magistrate judge can order certification of an appealable issue under Section 1292(b) if the parties have consented to allow the magistrate judge to conduct all proceedings pursuant to Section 636(c)(1).[1]  This action, however, is not before the undersigned magistrate judge by consent pursuant to 28 U.S.C. § 636(c).

---

[1] *See Vick v. Skaggs Cos., Inc.*, 701 F.2d 777, 778 n.1 (9th Cir. 1983).

1

Case No.: 10-mc-80254 JF (PSG)
ORDER

Rather, pursuant to 28 U.S.C. § 636(b), the undersigned magistrate judge has jurisdiction over only discovery motions brought in a miscellaneous matter that is assigned to Judge Fogel and that arises from litigation pending in the Southern District of New York.  "[A] magistrate judge, acting pursuant to a reference under § 636(b)(1) or (3), has no authority to issue a dispositive ruling on a motion to certify a district court order for interlocutory appeal under § 1292(b)."[2]  Thus, this court lacks jurisdiction to certify an order for appeal under Section 1292(b).

Despite the requirements of Section 1292(b), Townsend argues that its motion is not procedurally defective for three reasons.  Townsend argues that it made its motion to the court, not to any particular judge, and therefore the court determined who would hear the motion.  A review of the docket reveals, however, that Townsend is in error.  The text of docket entry number 46 clearly indicates that when Townsend filed this motion, it noticed the motion to be heard by the undersigned.  Furthermore, if the motion had not been noticed on any particular judge's calendar, it would be procedurally defective pursuant to Civ. L.R. 7-2, which requires that a motion be "noticed in writing on the motion calendar of the assigned Judge for hearing."

Townsend further argues that the matter has been referred to the undersigned for all discovery purposes, which would include certification of discovery orders for interlocutory appeal. But Townsend does not cite any case for this proposition.  Even if it were within the scope of the discovery referral and properly heard by the magistrate judge, the order would need to be entered by the "district judge" under the plain language of Section 1292(b), as noted above.

Finally, Townsend argues that because the February 8 and April 7 orders were affirmed by Judge Fogel as orders of the court, the orders are ripe for interlocutory review.  That the orders are *ripe* for interlocutory review has no bearing, however, on a magistrate judge's *jurisdiction* to certify the orders for interlocutory appeal.

---

[2] *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 169-70 (6th Cir. 1993).

Case No.: 10-mc-80254 JF (PSG)
ORDER

In sum, the court finds that the undersigned has no jurisdiction to enter an order on Townsend's motion for an order that an immediate appeal may be taken.  Accordingly, Townsend's motion is DENIED.

IT IS SO ORDERED.

Dated: June 15, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 10-mc-80254 JF (PSG)
ORDER

3