\*\*E-Filed 8/18/2011\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WI-LAN, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LG ELECTRONICS, INC. and LG ELECTRONICS USA, INC.,<br><br>　　　　Defendants. | Case Number 10-mc-80254-JF (PSG)<br><br>ORDER[1] FINDING PLAINTIFF'S COUNSEL IN CONTEMPT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR CIVIL CONTEMPT SANCTIONS<br><br>[Re: Docket Nos. 48, 72, 73] |

Plaintiff's counsel Kilpatrick Townsend & Stockton LLP ("Townsend") has been ordered to show cause why it should not be held in contempt for failure to comply with discovery orders dated February 8, 2011 and April 7, 2011. *See* Certification of Facts Re: Contempt.[2] The Court has considered the moving and responding papers and the oral arguments of counsel presented at a hearing on August 12, 2011. For the reasons set forth below, the Court will find Townsend in contempt, and Defendants' motion for civil contempt sanctions will be granted in part and denied

---

[1] This disposition is not designated for publication in the official reports.

[2] On June 15, 2011, Magistrate Judge Paul S. Grewal, who issued the underlying discovery orders, directed Townsend to appear before this Court to show cause, if any, why it should not be held in contempt. *Id.* at 6. Magistrate Judge Grewal's order properly may be construed as an order to show cause, although it is not titled as such.

in part.

## I. BACKGROUND

Plaintiff Wi-LAN, Inc. ("Wi-LAN") and Defendants LG Electronics, Inc. and LG Electronics USA, Inc. (collectively "LG") currently are engaged in litigation related to U.S. Patent No. 5,828,402 (the "'402 Patent") in the United States District Court for the Southern District of New York. *Wi-LAN, Inc. v. LG Electronics, Inc., et al.*, Case No. 10-cv-00432-LAK. On December 21, 2009, prior to the onset of that litigation, Townsend provided Wi-LAN with an opinion letter (the "Townsend Letter") addressing among other things LG's potential infringement of the '402 Patent. Ex. C to Townsend Mot. to Quash Subpoena (Filed Under Seal). Wi-LAN sent a copy of the Townsend Letter to LG during subsequent licensing negotiations between the two parties. Ex. A to Perez Decl. ISO Opp. to Mot. to Quash Subpoena (January 4, 2011 Email from Wi-LAN to LG attaching Townsend Letter). Two weeks later, Wi-LAN filed the underlying action against LG, asserting claims for infringement of the '402 Patent and fraudulent inducement.

On September 10, 2010, LG served Townsend with a subpoena *duces tecum* that required Townsend to appear for deposition and to produce all responsive documents related to the Townsend Letter. Ex. A to Townsend Mot. to Quash Subpoena.[3] Townsend moved to quash the subpoena, arguing in part that it is entitled to the protections of Fed. R. Evid. 502 because disclosure of the Townsend Letter was made within the context of a federal proceeding.[4] On

---

[3] Because LG sought to depose Townsend in this district, the subpoena was issued by this Court.

[4] Fed. R. Evid. 502(a) provides that:
[w]hen the disclosure is made in a Federal proceeding . . . and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if:
(1) the waiver is intentional;
(2) the disclosed and undisclosed communications or information concern the same subject matter; and
(3) they ought in fairness to be considered together.

1  February 8, 2011, Magistrate Judge Grewal issued an order granting in part and denying in part
2  Townsend's motion, concluding that Rule 502 does not apply because the disclosure occurred
3  before the commencement of litigation. Order Granting-In-Part and Denying-In-Part Townsend
4  Motion to Quash Subpoena.  Townsend was ordered to appear for deposition not later than
5  February 28, 2011, and to produce documents related to the subject matter covered by the
6  Townsend Letter with the exception of attorney opinion or work product. *Id.* Although
7  Townsend produced approximately 589 pages of documents pursuant to the order, it refused to
8  produce sixty-eight other responsive documents.  Perez Decl. ISO LG Mot. to Shorten Time for
9  Hearing on Mot. for Rule to Show Cause at ¶¶ 18, 21.

10  On February 22, 2011, Townsend moved unsuccessfully for relief from the magistrate
11 judge's order.  Order Denying Motion for Relief from Nondispositive Pretrial Order, filed March
12 8, 2011.  In denying Townsend's motion, this Court concluded that Magistrate Judge Grewal's
13 ruling was not clearly erroneous with respect to the applicability of Rule 502 and that the order
14 was sufficiently detailed to permit the parties to understand the scope of the subject-matter
15 waiver. *Id.* at 3-4.  While Townsend's motion for relief was pending, LG sought an order to
16 show cause why Townsend should not be held in contempt and sanctioned for its failure to
17 comply with Magistrate Judge Grewal's order of February 8, 2011. On April 7, 2011, after this
18 Court had upheld his original ruling, Magistrate Judge Grewal issued the requested order to
19 show cause and directed Townsend to comply not later than April 15, 2011. Order Granting
20 Defendants' Motion for Rule to Show Cause and Other Sanctions. The request for sanctions was
21 denied without prejudice. *Id.*

22  Townsend again sought relief from this Court.  After relief again was denied, Townsend
23 moved before Magistrate Judge Grewal for certification of an interlocutory appeal with respect
24 to the two discovery orders, and LG again moved for sanctions.  Magistrate Judge Grewal denied
25 Townsend's motion on procedural grounds,[5] and Townsend was ordered to show cause why

---

[5] Pursuant to 28 U.S.C. § 1292(b), a magistrate judge cannot certify an order for interlocutory appeal unless the parties have consented to allow the magistrate to conduct all

3

Case No. 10-mc-80254-JF (PSG)
ORDER FINDING PLAINTIFF'S COUNSEL IN CONTEMPT AND GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR CIVIL CONTEMPT SANCTIONS
(JFLC1)

sanctions should not be imposed.

## II. LEGAL STANDARD

When seeking a civil contempt award, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992) (citations omitted). "[A] person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *Reno Air Racing Ass'n., Inc. v. McCord,* 452 F.3d 1126, 1130 (9th Cir. 2006). "Present inability to comply is a complete defense to civil contempt." *United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996) (*per curiam*).

## III. DISCUSSION

**A. Civil Contempt**

In its written submission to this Court, Townsend does not dispute that it is in contempt of both of the discovery orders issued by the magistrate judge. Rather, it contends that it had an ethical obligation to place itself in contempt in order to pursue an appeal of the orders, as it believes that the orders improperly require it to disclose information that is subject to the attorney-client privilege. *See, e.g., In re Subpoena Served on the California Public Utilities Commission*, 813 F.2d 1473, 1476 (9th Cir. 1987) ("Until a contempt citation is issued as a final judgment in the contempt proceeding, we lack jurisdiction to review the order."). In relevant part, Townsend argues that both the magistrate judge and this Court erred in concluding that Rule 502 does not apply to the disclosure. It also contends that even if Rule 502 is inapplicable, neither the Ninth Circuit nor the Federal Circuit[6] has addressed the scope of a subject-matter

---

proceedings pursuant to 28 U.S.C. § 636(c). The parties have not given such consent in this case.

[6] Townsend asserts that because the underlying action involves a claim of patent infringement, the Federal Circuit ultimately will have jurisdiction over Townsend's appeal from this Court. *See McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 333-34 (4th Cir. 2001) ("while most appeals must be filed in the court of appeals for the circuit in which the district court is

4

waiver in connection with extrajudicial disclosures.[7] Because it believes the information is privileged on these grounds, it has refused and will continue to refuse to comply with the Court's orders in order to preserve its right to appeal.

At oral argument, Townsend appeared to alter its stance, claiming that it was not admitting to willful disobedience of the discovery orders. Townsend asserted that its refusal to comply with the orders cannot be construed as a willful act because it had no choice other than to protect the confidentiality of the information. However, this assertion is inconsistent with Townsend's previous judicial admissions and with the realities of Townsend's legal position. Townsend has admitted that it is in contempt,[8] and it is apparent that it made a conscious choice to pursue its present course of action even though alternatives were available. For example, Townsend could have sought a writ of mandamus after this Court upheld Magistrate Judge Grewal's initial order, or it could have asked this Court to certify an interlocutory appeal. It did neither–perhaps because only a finding of contempt permits an appeal as of right.[9] Accordingly, based on the clear and convincing evidence in the record, the Court finds Townsend in contempt.

**B. Sanctions**

LG seeks both compensatory and coercive sanctions. "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the

---

located, . . . only the Federal Circuit can hear an appeal when the district court's jurisdiction was based in whole or in part on 28 U.S.C. § 1338, which confers original jurisdiction over patent-related claims on district courts") (citations omitted); *See also* 28 U.S.C. § 1295(a)(1).

[7] Townsend also seeks appellate review to determine whether a subpoenaed party may rely on the plain language of the subpoena to determine its scope and whether a court may ignore statements made by the party serving the subpoena regarding the items sought.

[8] *See* Townsend Response to Order to Show Cause at 9:2-4 ("Townsend's only means of ensuring appellate review of this Court's orders by right is by withholding production of the requested documents and subjecting itself to contempt.").

[9] In opposing Townsend's motion before the magistrate judge for certification of an interlocutory appeal, LG alerted Townsend to the fact that its motion had to be brought before a district judge. *See* LG Opp. to Townsend Mot. to Certify Orders for Interlocutory Appeal at 9 n. 5.

5

contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (citing *United States v. United Mine Workers*, 330 U.S. 258, 303–04, (1947)). "[W]here compensation is intended, a fine must be based upon evidence of a complainant's actual loss." *Cunningham v. Weston*, 180 Fed. Appx. 644, 648 (9th Cir. 2006) (citing *United States v. United Mine Workers*, 330 U.S. 258, 304 (1947)). "The Ninth Circuit has held that a court may sanction a contemnor by ordering that she pay a party's attorneys' fees and costs." *Bademyan v. Receivable Management Services Corp.*, No. 08-cv-00519 MMM, 2009 WL 605789, at *4 (C.D. Cal. Mar. 9, 2009).

Relying upon *Reno Air Racing Association*, Townsend argues that LG is not entitled to compensatory sanctions because Townsend has acted in good faith in refusing to comply with the discovery orders. 452 F.3d 1126, 1130 (9th Cir. 2006). However, *Reno* holds only that a party should not be held in contempt if its action is based on a good faith interpretation of the court's order. *Id.* In its original motion to quash the subpoena, Townsend stated that it understood LG's document requests to apply to "all communications between Wi-LAN and Wi-LAN's trial counsel." Mot. to Quash Subpoena at 4. In its reply brief, Townsend asserted that the subpoena sought "information related to the subject matter disclosed in the [Townsend Letter]." Reply Br. at 3. Townsend's protracted refusal to comply thus is based not on a particular interpretation of the underlying order but on a disagreement with the order itself. While the Court does not doubt that Townsend believes in its position, sanctions nonetheless are warranted.

With respect to compensatory sanctions, LG seeks fees and costs associated with its effort to obtain compliance with the terms of its subpoena. In support of this request, it has submitted an itemized declaration of fees and costs, and it has certified that the hourly rates charged are consistent with prevailing rates. Lukas Decl. ISO Defendants' Renewed Mot. for Sanctions (Partially Filed Under Seal). Townsend argues that LG is not entitled to fees and costs incurred in connection with LG's request to the Southern District of New York for an order compelling Wi-LAN to produce the documents at issue in the subpoena directed at Townsend,

6

and as to this point the Court agrees.  LG's attempt to seek the relevant documents from Wi-LAN was not related directly to compliance with the subpoena issued by this Court.

With respect to an award of coercive sanctions, Townsend asks that the Court defer consideration of such an award pending the outcome of its appeal.  The Court concludes that coercive sanctions would serve no purpose, as Townsend has steadfastly refused to alter its position.  Instead, the Court will require Townsend to post a bond equal to LG's estimated cost of defending the subject orders through conclusion of Townsend's appeal.

**ORDER**

The Court finds and concludes that Townsend is in contempt of the discovery orders dated February 8, 2011 and April 7, 2011.  LG's motion for civil contempt sanctions is GRANTED IN PART and DENIED IN PART as set forth above. Within seven (7) days of the date of this order, counsel for LG shall file a declaration setting forth its anticipated attorneys' fees and costs in defending Townsend's prospective appeal, and a proposed order requiring a bond for such amounts.[10]

DATED: August 18, 2011

_____
JEREMY FOGEL
United States District Judge

---

[10] On August 11, 2011, LG moved for leave to file a supplemental declaration that would set forth additional costs and fees incurred between April 2011 and June 30, 2011. Mot. for Leave to File Supplemental Decl. LG also moved to file certain portions of that declaration under seal. Mot. to File Certain Portions of Documents Under Seal. The motions will be granted. The supplemental declaration shall be filed concurrently with LG's declaration with respect to fees and costs on appeal.

7

Case No. 10-mc-80254-JF (PSG)
ORDER FINDING PLAINTIFF'S COUNSEL IN CONTEMPT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR CIVIL CONTEMPT SANCTIONS
(JFLC1)